UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MYNOR FEDERICO NUNEZ BALTAZAR,

                         Plaintiff,

            -against-

GOLDFARB PROPERTIES, INC.; PELICAN
MANAGEMENT, INC.; ROCKAWAY ONE
COMPANY, LLC; CHRISTOPHER MILLER;
LINDSAY HEINEMAN (HECK); MICHAEL
KOENIG; HAL WEINER; SOPHIA BIRAGLIA;
BETTINA EQUITIES COMPANY, LLC;
BETTINA EQUITIES MANAGEMENT, LLC,

                         Defendants.

22-CV-7363 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action under the Americans with

Disabilities Act of 1990 ("ADA") and "the Fair Housing Act of 1978" ("FHA"), alleging that

"Defendants have deliberately disregarded known or serious known risks of harm to Plaintiff,

and their actions and failures to act cause harm or serious risks of harm to Plaintiff, including

unnecessary isolation and segregation, physical, medical, and psychological harm." (ECF No. 2

at 1.) By order dated August 30, 2022, the Court granted Plaintiff's request to proceed *in forma

pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see

Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Mynor Federico Nunez Baltazar, who resides at 20-50 Seagirt Blvd. Apt. # 3E, Far Rockaway, New York, brings this action alleging that he is "a qualified individual with disabilities," and that Defendants are violating his rights. (ECF No. 2 at 4.) He alleges that his medical providers, together with the Department of Housing and Urban Development (HUD)

and the Public Housing Authority (PHA), made and approved an accommodation request to Plaintiff's landlord and issued a move voucher to Plaintiff, requesting that Plaintiff be moved to Manhattan or the Bronx, on an emergency basis to alleviate serious conditions of isolation and segregation, which were exacerbating Plaintiff's medical condition. (*Id.*) He claims that Defendants have refused to move him, and his "Section 8 Move Voucher" expired. (*Id.* at 5.)

Plaintiff made a second accommodation request "due to isolation causing a significant breakdown in Plaintiff's mental health. Which included suicidal ideation and attempted suicide on or about November, 2021. When a neighbor called Firefighters and Wavecrest Gardens Security to put out a fire in Plaintiff's apartment; saving Plaintiff from suicidal death." (*Id.*) Plaintiff alleges that he received a telephone call on August 19, 2022, advising him that his second request for accommodation had been approved, and that a new Section 8 Move Voucher would be issued. (*Id.*)

Plaintiff brings this action seeking declaratory relief, injunctive relief, and monetary damages in the amount of $500,000.00.

## DISCUSSION

### A.     The Fair Housing Act

The Fair Housing Act ("FHA") "broadly prohibits discrimination in housing." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, . . . national origin," or disability. 42 U.S.C. § 3604(b), (f). Section 3604 makes it unlawful to "discriminate in the . . . rental [of], or to otherwise make unavailable or deny, a dwelling to any . . . renter because of" the individual's disability. 42 U.S.C. § 3604(f)(1)(A). It also prohibits discrimination against "any person in the terms, conditions, or privileges of sale or

rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling, because of a [disability]." 42 U.S.C. § 3604(f)(2). Under the FHA, disability discrimination further includes a refusal to make "reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

"To demonstrate a disability under the FHA, a plaintiff must show: (1) 'a physical or mental impairment which substantially limits one or more . . . major life activities'; (2) 'a record of having such an impairment'; or (3) that he or she is 'regarded as having such an impairment.'" *See Rodriguez v. Village Green Realty, Inc.*, 788 F.3d 31, 40 (2d Cir. 2015) (quoting 42 U.S.C. § 3602(h)). Generally, to state a claim of intentional discrimination under the FHA, a plaintiff must allege facts sufficient to show that he "was 'a member of a protected class,' suffered relevant 'adverse' treatment, and 'can sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation.'" *Palmer v. Fannie Mae*, 755 F. App'x 43, 45 (2d Cir. 2018) (summary order) (emphasis in original) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)). "'[A] plaintiff need only give plausible support to a minimal inference of discriminatory motivation' at the pleading stage." *Id.* at 45-46 (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015)). Thus, "a plaintiff may not need to prove that her protected status was a but-for cause of the adverse action she suffered, but only a motivating factor." *Id* at 46 (citing *Vega*, 801 F.3d at 86); *Fair Hous. Justice Ctr., Inc. v. Edgewater Park Owners Coop., Inc.*, No. 10-CV-0912l, 2012 WL 762323, at *7 (S.D.N.Y. Mar. 9, 2012) ("To establish a claim under the FHA . . . , Plaintiff must demonstrate that [a protected class] is a motivating factor in" the defendant's actions.).

To state a claim under the FHA that a defendant failed to provide reasonable accommodations with respect a plaintiff's disability, however, a plaintiff must allege facts showing:

> (1) that the plaintiff or a person who would live with the plaintiff had a [disability, as defined by the FHA]; (2) that the defendant knew or reasonably should have been expected to know of the [disability]; (3) that the accommodation was likely necessary to afford the [disabled] person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation requested was reasonable; and (5) that the defendant refused to make the requested accommodation.

*Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 156 (2d Cir. 2014); *C.T. Fair Hous. Ctr. v. Corelogic Rental Prop. Solutions, LLC*, 369 F. Supp. 3d 362, 379 (D. Conn. 2019). "'Plaintiffs must show that, but for the accommodation, they likely will be denied an equal opportunity to enjoy the housing of their choice.'" *Olsen*, 759 F.3d at 156 (citation omitted). "Requested accommodations are reasonable where the cost is modest and they do not pose an undue hardship or a substantial burden on the housing provider." *Id.*

Even assuming that Plaintiff has a disability within the meaning of the FHA, which he has not fully explained, Plaintiff fails to allege facts sufficient to state a claim, under the FHA, that Defendants have intentionally discriminated against him because of his disability or failed to provide reasonable accommodations with respect to his disability. Plaintiff does not allege that: the requested accommodation was likely necessary to afford him an equal opportunity to enjoy the dwelling; the accommodation he requested was reasonable; and the defendant refused to make the requested accommodation. Nor does Plaintiff provide any facts showing that his disability has been a motiving factor with respect to any adverse action Defendants are alleged to have taken against him. *See Smith v. NYCHA*, 410 F. App'x 404, 406 (2d Cir. 2011) (summary order) (finding that the plaintiff did not meet the standard for intentional discrimination on the basis of her disability because she did not alleged that discriminatory animus was a factor, much

less a 'significant factor,' in NYCHA's alleged failure to maintain the apartment building and her

apartment). Plaintiff also alleges no facts showing that, but for a requested reasonable

accommodation for his disability, he has been denied an equal opportunity to enjoy his

apartment. *See Higgins v. 120 Riverside Boulevard at Trump Place Condo.* No. 21-CV-4203,

2021 WL 5450205, at *4 (S.D.N.Y. Nov. 19, 2021) ("A plaintiff is not entitled to *preferential*

enjoyment of her housing solely by virtue of her disability. Rather, she must show that, but for

the accommodation, [she has been denied or] likely will be denied an *equal* opportunity to enjoy

the housing of [her] choice.") (internal quotation marks and citations omitted, alterations and

emphasis in original); *Riccardo v. Cassidy*, No. 1:10-CV-0462, 2012 WL 651853, at *6

(N.D.N.Y. Feb. 28, 2012) (dismissing the amended complaint because the plaintiff did not show

that the desired accommodations would afford him equal opportunity to use and enjoy the

dwelling and that the request was denied on the basis of a disability). In light of Plaintiff's *pro se*

status, the Court grants Plaintiff leave to amend his complaint to allege facts to state a claim

under the FHA of disability discrimination or failure to provide reasonable disability

accommodations.

B.     **The Americans with Disabilities Act**

The ADA prohibits discrimination against people with disabilities in major areas of life.

The statute consists of three parts: Title I, 42 U.S.C. § 12111 *et seq*., which prohibits

discrimination in employment; Title II, 42 U.S.C. § 12131 *et seq*., which prohibits discrimination

by public entities; and Title III, 42 U.S.C. § 12181 *et seq*., which prohibits discrimination in

access to public accommodations. *PGA Tour, Inc. v. Martin,* 532 U.S. 661, 675 (2001).

Title II of the ADA provides that "no qualified individual with a disability shall, by

reason of such disability, be excluded from participation in or be denied the benefits of the

services, programs, or activities of a public entity, or be subjected to discrimination by any such

6

entity." 42 U.S.C. § 12132. 42 U.S.C. § 12132. To assert a claim under this provision of the
ADA,

> a plaintiff must demonstrate that (1) he is a qualified individual with a disability;
> (2) the defendant is subject to one of the Acts; and (3) he was denied the
> opportunity to participate in or benefit from the defendant's services, programs, or
> activities, or was otherwise discriminated against by the defendant because of his
> disability."

*McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012) (quoting *Powell v. Nat'l Bd. of*

*Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir.2004)). Generally, "a defendant discriminates when it

fails to make a reasonable accommodation that would permit a qualified disabled individual 'to

have access to and take a meaningful part in public services.'" *Id*. at 640.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the

basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).

The provision further states that

> [i]t shall be discriminatory to afford an individual or class of individuals, on the
> basis of a disability or disabilities of such individual or class, directly, or through
> contractual, licensing, or other arrangements with the opportunity to participate in
> or benefit from a good, service, facility, privilege, advantage, or accommodation
> *that is not equal to that afforded to other individuals*.

42 U.S.C. § 12182(b)(1)(A)(ii) (emphasis added); *see also Camarillo v. Carrols Corp.,* 518 F.3d

153, 156 (2d Cir. 2008).

Again, even assuming that Plaintiff is a qualified individual with a disability for the

purpose of Title II of the ADA and is subject to the protections of this statute, Plaintiff has

alleged no facts showing that he was denied the opportunity to participate in or benefit from

Defendants' services, programs, or activities, or was otherwise discriminated against by

Defendants, *by reason of* his disability. *See Smith*, 410 F. App'x at 406 (discussion in the context

of claims under the FHA and Title II of the ADA arising from NYCHA's failure to carry out

repairs in its apartments). The Court grants Plaintiff leave to amend his complaint to allege facts

to state a claim under Title II of the ADA.

**C.      Request for Injunctive Relief**

Plaintiff has filed a request for a preliminary injunction. To obtain such relief, Plaintiff

must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of

success on the merits of his case or (b) sufficiently serious questions going to the merits to make

them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See*

*UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and

internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary

injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless

the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co.*

*of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, Plaintiff fails to state a claim for relief under the ADA or the FHA.

The Court therefore finds that Plaintiff has not, at this time, shown (1) a likelihood of success on

the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for

litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's

request for injunctive relief is denied without prejudice to renewal.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege facts to state valid ADA and FHA claims, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide facts to support his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each Defendant. If Plaintiff has an address for any named Defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.[1]

---

[1] Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently available **only** by telephone.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-7363 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's request for injunctive relief (ECF No. 3) is denied without prejudice to renewal at a later date.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     February 22, 2023
              New York, New York

                                                          /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                 Chief United States District Judge

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                   (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                Middle Initial      Last Name

_____

Street Address

_____

County, City                   State           Zip Code

_____

Telephone Number           Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                  Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                  Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                  Zip Code

Defendant 4:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

# Notice For Pro Se Litigants



As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call 212-659-6190 and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.

